**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JUL 12 2018

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| SHEILA BLACKMAN-BAHAM, | No. 17-16683 |
| Plaintiff-Appellant, | D.C. No. 3:16-cv-03487-JCS |
| v. | |
| KIRSTJEN NIELSEN*, Secretary, Department of Homeland Security, | MEMORANDUM** |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Northern District of California
Joseph C. Spero, Chief Magistrate Judge, Presiding***

Submitted July 10, 2018****

Before:    CANBY, W. FLETCHER, and CALLAHAN, Circuit Judges.

---

\*      Kirstjen Nielsen has been substituted for her predecessor, John Kelly, as Secretary of the U.S. Department of Homeland Security under Fed. R. App. P. 43(c)(2).

\*\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*\*      The parties consented to the jurisdiction of the magistrate judge. *See* 28 U.S.C. § 636(c).

\*\*\*\*      The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Sheila Blackman-Baham appeals pro se from the district court's judgment dismissing her employment action alleging race, sex, age, and disability discrimination and retaliation. We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Hebbe v. Pliler*, 627 F.3d 338, 341 (9th Cir. 2010) (dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6)); *Vinieratos v. United States Dep't of Air Force*, 939 F.2d 762, 768 (9th Cir. 1991) (dismissal for failure to exhaust administrative remedies). We may affirm on any basis supported by the record. *Johnson v. Riverside Healthcare Sys., LP*, 534 F.3d 1116, 1121 (9th Cir. 2008). We affirm.

The district court properly dismissed Blackman-Baham's discrimination claims under the Rehabilitation Act and Title VII stemming from her terminations because Blackman-Baham failed to exhaust her administrative remedies. *See Sommatino v. United States*, 255 F.3d 704, 707 (9th Cir. 2001) ("In order to bring a Title VII claim in district court, a plaintiff must first exhaust her administrative remedies."); *Vinieratos*, 939 F.2d at 773 (failure to exhaust administrative remedies "forecloses any claim to jurisdiction under the Rehabilitation Act"); *cf. Hays v. Postmaster Gen. of U.S.*, 868 F.2d 328, 330-31 (9th Cir. 1989) (a plaintiff is precluded from raising a claim in federal court that she failed to present to the

2                                                                                    17-16683

Merit Systems Protection Board).

The district court properly dismissed Blackman-Baham's remaining claims because Blackman-Baham failed to allege facts sufficient to state a plausible claim. *See Hebbe*, 627 F.3d at 341-42 (although pro se pleadings are to be liberally construed, a plaintiff must still present factual allegations sufficient to state a plausible claim for relief); *Diaz v. Eagle Produce Ltd. P'ship*, 521 F.3d 1201, 1207-08 (9th Cir. 2008) (elements of a claim under the Age Discrimination in Employment Act); *Walton v. U.S. Marshals Serv.*, 492 F.3d 998, 1003 n.1, 1005 (9th Cir. 2007) (requirements for prima facie case under the Rehabilitation Act); *Vasquez v. County of Los Angeles*, 349 F.3d 634, 642 (9th Cir. 2004) (elements of a hostile work environment claim under Title VII); *Bergene v. Salt River Project Agric. Improvement & Power Dist.*, 272 F.3d 1136, 1140-41 (9th Cir. 2001) (elements of a prima facie case of discrimination and retaliation under Title VII).

**AFFIRMED.**